Matthew A. Feldman
Paul V. Shalhoub
Andrew S. Mordkoff
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone:    212-728-8000
Facsimile:    212-728-8111

- and -

Bert H. Deixler
Joshua W. Sussman
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone:    310-556-2700
Facsimile:    310-556-2705

*Proposed Counsel for Debtors, Debtors in Possession, and Plaintiffs 19 Entertainment, Inc., 19 Recordings, Inc. and 19 Publishing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>AOG ENTERTAINMENT, INC., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-11090 (SMB)<br>(Jointly Administered) |
| 19 ENTERTAINMENT, INC.,<br>19 RECORDINGS, INC.,<br>19 PUBLISHING INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PHILLIP PHILLIPS,<br><br>　　　　　　Defendant. | Adversary Proceeding<br>No. 16-_____ (SMB)<br><br>**ADVERSARY COMPLAINT FOR:**<br>**(1) BREACH OF WRITTEN CONTRACT;**<br>**(2) ANTICIPATORY REPUDIATION/ BREACH OF WRITTEN CONTRACT;**<br>**(3) TURNOVER OF PROPERTY OF THE ESTATE;**<br>**(4) DECLARATORY JUDGMENT.** |

## ADVERSARY COMPLAINT

Plaintiffs 19 Entertainment, Inc., 19 Recordings, Inc. and 19 Publishing Inc. (collectively, "Plaintiffs"), by and through undersigned counsel, seek a declaration that each of Phillip Phillips' ("Phillips") separate contracts with Plaintiffs, respectively, continues in full force and effect and that Phillips must disgorge the approximately $1,000,000 he is holding as an "offset" against baseless claims that Plaintiffs violated California Labor Code Section 1700, et. seq., and that therefore Plaintiffs contracts with Phillips are "void." Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiffs are corporations organized and operating under the laws of Delaware and New York. Plaintiffs each have their principal place of business at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, California. On April 28, 2016, debtors, including Plaintiffs, filed voluntary petitions in the United States Bankruptcy Court for the Southern District of New York for protection under Chapter 11 of the United States Bankruptcy Code.

2. Plaintiff 19 Entertainment, Inc., a corporation organized under the laws of New York, is a co-producer of the television program, *American Idol*, and an artist management company attending to the entertainment industry interests of many successful recording, television, motion picture, and new media artists, including Phillips.

3. Plaintiff 19 Recordings, Inc., a corporation organized under the laws of New York, serves as the record label for many successful recording artists, including Phillips.

4. Plaintiff 19 Publishing Inc., a corporation organized under the laws of Delaware, is a music publishing company that publishes the compositions of many successful songwriters, including Phillips.

5. Phillip Phillips is a performing and recording artist, and a past winner of the television program, *American Idol*. Phillips contracted with Plaintiffs for his personal management, recording services, music publishing, and merchandise and endorsements before the beginning of the season of *American Idol* that he later won.

6. Prior to that time, Phillips worked in Albany, Georgia in his family-owned pawn shop. On information and belief, Phillips is a resident in Albany, Georgia, from which he conducts his personal and business affairs.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

8. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9. The predicates for the relief request herein are 11 U.S.C. §§ 542 and 105(a) and Rule 7001 of the Bankruptcy Rules.

10. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

11. On January 22, 2015, Phillips, through the very same counsel who represented him in negotiating and drafting his contracts with Plaintiffs, filed a Petition to Determine Controversy (the "Petition") with the Division of Labor Standards Enforcement, Department of Industrial Relations, State of California (the "DLSE" or "Labor Commission"). The Petition alleges that Plaintiffs procured work for Phillips in violation of the California Talent Agencies Act, California Labor Code Section 1700, et. seq., and that all contracts between Plaintiffs and Phillips are void. Accordingly, Phillips seeks to disgorge money previously received by Plaintiffs pursuant to the contracts and contends he is justified in retaining any money otherwise owed to Plaintiffs. As a result of the filing of Plaintiffs' voluntary petitions for bankruptcy with this Court, the Hearing Officer appointed to preside over the Labor Commission action announced, on or about May 4, 2015, that he was "closing the file without adjudication of the petition."

12. The DLSE is a California Administrative Agency with oversight authority regarding various aspects of California labor law, including the regulation of talent agencies. Artists, including actors and musicians, regularly petition the "Labor Commissioner" to void

2

contracts formed when the artists, such as Phillips, were less successful or well-known, and who upon achieving greater relative success seek to sign what they perceive to be new, "better" contracts with other parties for the services the artist is contractually bound to deliver. In the words of Phillips' counsel, as stated on counsel's own firm website, "[e]very artist in the world, if they want to fire their manager, they always bring this act (*sic*) before the Labor Commissioner."[1]

13. The procedure in the Labor Commission provides for no discovery, including no document exchange, no witness lists, and no other pre-trial procedure. A hearing officer conducts an "evidentiary hearing," not bound by any rules of evidence and, ultimately, typically after many months (and sometimes years), the then-incumbent California Labor Commissioner issues a written "Determination" adjudicating the dispute. The Labor Commissioner's Determination is immediately voidable by any party and subject to de novo review by the California Superior (trial) Court after a full civil proceeding according to the general rules of California Civil Procedure, including discovery and trial pursuant to the California Evidence Code.

14. On February 17, 2015, Plaintiffs filed an "Answer to Petition to Determine Controversy," denying the allegations that any of them had violated California labor law, that Phillips was entitled to void any of their contracts, or that any Plaintiff was required to disgorge any money received. Further, Plaintiffs challenged the Labor Commission's jurisdiction over many of Phillips' allegations and the relief sought, among other things.

15. On April 6, 2016, pursuant to the instruction of the Hearing Officer appointed by the Labor Commissioner, Plaintiffs filed a Motion for Partial Judgment on the Pleadings for lack of subject matter jurisdiction. As stated above, because of the filing of Plaintiffs' voluntary petitions for bankruptcy with this Court, the Hearing Officer announced, on or about May 4,

---

[1] *See* http://www.khpslaw.com/EXCLUSIVE-Killers-lawsuit-attorneys-speak.shtml

3

2015, that he was "closing the file without adjudication of the petition" and neither an opposition to the motion nor a determination on the motion was filed.

## THE AGREEMENTS

16. On or about January 27, 2012, Plaintiff 19 Entertainment, Inc. and Phillips entered into a written agreement for the exclusive management of Phillips' career as a professional entertainer (the "Management Agreement"). At all relevant times, Phillips was represented by counsel in connection with the negotiation and drafting of the Management Agreement.

17. On or about January 27, 2012, and as amended on November 30, 2012 to add Phillips' wholly owned corporation Unkommon, Inc. as a party, 19 Entertainment, Inc. and Phillips entered into a written agreement for the exclusive management of endorsement and merchandising opportunities for Phillips (the "Merchandising Agreement"). At all relevant times, Phillips was represented by counsel in connection with the negotiation and drafting of the Merchandising Agreement.

18. On or about January 27, 2012, 19 Recordings, Inc. and Phillips entered into a written agreement for the exclusive artist recording services of Phillips (the "Recording Agreement"). At all relevant times, Phillips was represented by counsel in connection with the negotiation and drafting of the Recording Agreement.

19. On or about January 27, 2012, 19 Publishing Inc. and Phillips entered into an exclusive Songwriter and Co-Publishing Agreement (the "Publishing Agreement," and together with the Management Agreement, the Merchandising Agreement, and the Recording Agreement, the "Agreements"). At all relevant times, Phillips was represented by counsel in connection with the negotiation and drafting of the Publishing Agreement.

## PHILLIPS' BREACH OF THE MANAGEMENT AGREEMENT

20. For months prior to the filing of the Petition to Determine Controversy, Plaintiff 19 Entertainment, Inc. sought to collect outstanding commissions owed to it pursuant to the Management Agreement, and Phillips' representatives repeatedly refused to pay Plaintiff 19

4

Entertainment, Inc. Soon after the Petition was filed, Plaintiff 19 Entertainment, Inc. learned that Phillips was withholding and refusing to pay to it no less than $850,000 and as much as $1,000,000 owed to Plaintiff 19 Entertainment, Inc. pursuant to the terms of the Management Agreement.

21. Phillips, through his counsel, announced that the money, the specific amount which he declined and continues to decline to specify, would not be paid to Plaintiffs because counsel "anticipated" that after a Determination by the Labor Commissioner, and notwithstanding the right of Plaintiffs to void any such Determination by commencing de novo review in the California Superior Court, all Agreements would be deemed void. No such Determination was ever entered and, because of the filing of the Voluntary Bankruptcy Petitions with this Court, no hearing that could lead to a Determination was ever conducted, or is anticipated to be scheduled.

## PLAINTIFFS' PERFORMANCE AND PHILLIPS' REPUDIATION

22. Plaintiffs have fully performed all terms and conditions of the Agreements except for any term or condition from which it is excused because Phillips refuses to permit Plaintiffs' performance.

23. Because of Phillips' prior and continuing breach, Phillips owes Plaintiffs the amount being withheld, that is no less than $850,000, based upon his counsel's "anticipation" that the Agreements would be voided.

24. In addition to the amount withheld based upon counsel's "anticipation," the Agreements are in full force and effect and binding on Phillips. Pursuant to these Agreements, Phillips is obligated to perform by, among other things, making payments to Plaintiff 19 Entertainment, Inc. for management commissions and merchandise and endorsement commissions, delivering musical recordings to Plaintiff 19 Recordings, Inc., and irrevocably transferring rights in his compositions to Plaintiff 19 Publishing Inc. so that such rights may be administered.

25. Phillips has refused and insists that he will continue to refuse to perform pursuant to the Agreements, thereby causing Plaintiffs additional damages. The amount of the additional damages from these continuing breaches is not presently calculable with precision but will be presented at the time of trial and will exceed $5,000,000.

### AS AND FOR A FIRST CLAIM FOR RELIEF

**(Breach of Written Contract)**

26. Plaintiffs incorporate by reference and thereby re-allege the allegations set forth in paragraphs 1-25 above.

27. Phillips and Plaintiff 19 Entertainment, Inc. entered into the Management Agreement, dated as of January 27, 2012.

28. Pursuant to the Management Agreement, Phillips agreed to pay Plaintiff 19 Entertainment, Inc. a defined portion of his earnings during the term of the Management Agreement.

29. Plaintiff 19 Entertainment, Inc. has performed, and continues to perform, all conditions, covenants and promises required to be performed under the Management Agreement, except for any condition, covenant, or promise from which it is excused because Phillips refuses to permit its performance.

30. Phillips, by refusing to pay no less than $850,000 owed to 19 Entertainment, Inc. as Phillips' manager pursuant to the Management Agreement, has breached the Management Agreement.

31. Such breach is not excused, and as a direct and proximate result of the unexcused breach, 19 Entertainment Inc. has been damaged by an amount not less than $850,000, plus interest and costs, and subject to proof at trial.

### AS AND FOR A SECOND CLAIM FOR RELIEF

**(Anticipatory Repudiation/Breach of Written Contract)**

32. Plaintiffs incorporate by reference and thereby re-allege the allegations set forth in paragraphs 1-31 above.

33. Phillips and Plaintiff 19 Entertainment, Inc. entered into the Management Agreement, dated as of January 27, 2012.

34. Phillips and Plaintiff 19 Entertainment, Inc. entered into the Merchandising Agreement, dated as of January 27, 2012, as amended.

35. Phillips and Plaintiff 19 Recordings, Inc. entered into the Recording Agreement, dated as of January 27, 2012.

36. Phillips and Plaintiff 19 Publishing Inc. entered into the Publishing Agreement, dated as of January 27, 2012.

37. Pursuant to these Agreements, Phillips is obligated to perform by, among other things, making payments to Plaintiff 19 Entertainment, Inc. for management commissions and merchandise and endorsement commissions, delivering musical recordings to Plaintiff 19 Recordings, Inc., and irrevocably transferring rights in his compositions to Plaintiff 19 Publishing Inc. so that such rights may be administered.

38. Plaintiffs have performed, and continue to perform, all conditions, covenants and promises required to be performed under the Agreements, except for any condition, covenant, or promise from which Plaintiffs are excused because Phillips refuses to permit Plaintiffs' performance.

39. Phillips has refused and insists that he will continue to refuse to perform pursuant to the Agreements. Phillips has thus repudiated the Agreements and stated his intention to commit subsequent breaches of the Agreements.

40. As a direct and proximate result of Phillips' anticipatory repudiation and breach of the Agreements, Plaintiffs have been damaged by an amount to be presented at trial that will exceed $5,000,000.

## AS AND FOR A THIRD CLAIM FOR RELIEF

**(Turnover of Property of the Estate, 11 U.S.C. § 542)**

41. Plaintiffs incorporate by reference and thereby re-allege the allegations set forth in paragraphs 1-40 above.

7

42. Phillips and Plaintiff 19 Entertainment, Inc. entered into the Management Agreement, dated as of January 27, 2012.

43. Pursuant to the Management Agreement, Phillips agreed to pay Plaintiff 19 Entertainment, Inc. a defined portion of his earnings during the term of the Management Agreement.

44. Plaintiff 19 Entertainment, Inc. has performed, and continues to perform, all conditions, covenants and promises required to be performed under the Management Agreement, except for any condition, covenant, or promise from which it is excused because Phillips refuses to permit its performance.

45. Phillips has refused to pay no less than $850,000 owed to 19 Entertainment, Inc. as Phillips' manager pursuant to the Management Agreement.

46. Phillips is currently in the possession, custody, or control of these monies.

47. These monies, as well as the proceeds, products, and profits thereof, are of substantial value and benefit to Plaintiff 19 Entertainment, Inc.'s estate and are property belonging to Plaintiff 19 Entertainment, Inc. that may be used, sold, or leased by Plaintiff 19 Entertainment, Inc.

48. Plaintiff 19 Entertainment, Inc. is thus entitled to an order directing that all monies owed to Plaintiff 19 Entertainment, Inc. that Phillips is unlawfully withholding, as well as the proceeds, products, and profits thereof, be paid to Plaintiff 19 Entertainment, Inc. and that Phillips immediately turn over all such monies and additional proceeds, products, and profits, plus interest and costs, to Plaintiff 19 Entertainment, Inc. pursuant to 11 U.S.C. § 542.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)

49. Plaintiffs incorporate by reference and thereby re-allege the allegations set forth in paragraphs 1-48 above.

50. Pursuant to the terms of the Agreements, Plaintiffs contend that each Plaintiff is entitled to perform and to receive the performance of Phillips pursuant to the terms of the

Agreements, including receipt of the compensation provided for in each Agreement, and that notwithstanding any contention to the contrary, each Agreement is and remains in full force and effect.

51. Phillips contends that all the Agreements are void, notwithstanding that no court or even the Labor Commission has issued such ruling and that he is free of all obligations under all Agreements with all Plaintiffs. Plaintiffs dispute this contention. Thus, an actual controversy exists over Plaintiffs' entitlement to compensation and to Phillips' services under the Agreements.

52. Plaintiffs are entitled to a declaratory judgment that the Agreements between the parties are in effect and that each party is obligated to perform pursuant to the terms of the Agreements.

53. Plaintiffs are also entitled to a declaratory judgment that any costs or attorneys' fees and expenses incurred by Phillips not be borne by Plaintiffs or any of the Debtors.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs the following relief:

1. On the First and Third Claims for Relief, judgment in an amount not less than $850,000, plus interest and costs, subject to proof at trial of all amounts owed to Plaintiff 19 Entertainment, Inc., because of the withheld amounts under the Management Agreement;

2. On the Second Claim for Relief, judgment in an amount not less than $5,000,000, plus interest and costs, subject to proof at trial of all amounts owed to Plaintiffs, because of Phillips' anticipatory repudiation/breaches of the Agreements;

3. On the Fourth Claim for Relief, judgment declaring that the Agreements between each Plaintiff and Phillips is and at all relevant times has been in full force and effect and that each party is obligated to perform in accordance with the terms of the Agreement to which each is a party.

4. On the Complaint and on each Claim for Relief, such other and further relief as the Court deems just and proper, including but not limited to reasonable attorneys' fees and costs.

Dated: New York, New York
June 2, 2016

Respectfully submitted,

/s/ Matthew A. Feldman
Matthew A. Feldman
Paul V. Shalhoub
Andrew S. Mordkoff
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
212-728-8000

- and -

Bert H. Deixler
Joshua W. Sussman
KENDALL BRILL & KELLY LLP
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
310-556-2700

*Proposed Counsel for Debtors, Debtors in Possession, and Plaintiffs 19 Entertainment, Inc., 19 Recordings, Inc. and 19 Publishing Inc.*